

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,547-01

### EX PARTE BYRON ORRICK OUTLAW, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 44442-B IN THE 78TH DISTRICT COURT
### FROM WICHITA COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The Second Court of Appeals affirmed his conviction. *Outlaw v. State*, No. 02-06-0044-CR (Tex. App. — Fort Worth, 2008) (not designated for publication).

Applicant contends, among other things,[1] that the State presented false testimony at trial from witness Clifton Wiley, that the State withheld favorable evidence from the defense, that Applicant

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

has newly-available evidence of actual innocence, and that his trial counsel rendered ineffective assistance because trial counsel failed to adequately investigate and interview witnesses, failed to investigate and present evidence in mitigation of punishment, improperly referred to Applicant as "the criminal" during his opening statement at punishment, and elicited information that Applicant derived a large part of his income from selling crack cocaine during the punishment stage of trial.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the State presented false testimony at trial or withheld favorable evidence from the defense, whether there is previously-unavailable evidence establishing Applicant's actual innocence, whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 20, 2019

Do not publish